**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | |
|---|---|
| RUSSELL JAVIER MELENDRES, et al.,<br><br>Plaintiff,<br><br>v.<br><br>PRUITTHEALTH, INC., et al.,<br><br>Defendants. | Case No. 1:26-cv-00254-LAF-JGM |

# PRUITTHEALTH DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION OF PLAINTIFFS RUSSELL JAVIER MELENDRES' AND CHINONYEREM PRINCESS EZE'S CLAIMS

## ARGUMENT[1]

Plaintiffs Melendres and Eze signed enforceable arbitration agreements (the "Arbitration Agreements") as a part of their employment, and those Agreements encompass the claims brought by them in this litigation. In the Opposition (Doc. 117), Plaintiffs attempt to rebut those facts by arguing, in kitchen sink fashion, that: (1) no agreement was formed; (2) the Arbitration Agreements are illusory; (3) the Arbitration Agreements lack consideration; (4) the Arbitration Agreements do not encompass Plaintiffs' claims; (5) the Arbitration Agreements are unconscionable; (6) the PruittHealth Defendants have waived their right to arbitrate; (7) the PruittHealth Defendants that are not parties to the Arbitration Agreements cannot enforce them; and (8) Plaintiffs are entitled to discovery and trial as to the arbitrability of their claims. None of these arguments are availing.

---

[1] In addition to Plaintiffs' arguments that the PruittHealth Defendants address below, Plaintiffs also argue that: (1) this Court, not the arbitrator, decides the arbitrability of Plaintiffs' claims, Doc. No. 117, p. 13; and (2) the Court should stay this matter rather than dismiss Melendres' and Eze's claim. *Id.* at p. 19. As to the first argument, the PruittHealth Defendants did not request that this Court refer the matter to an arbitrator for the threshold question of arbitrability – they asked the Court to make that determination. Doc No. 114 at pp. 6-7 (describing the legal standard for enforceability of an arbitration agreement for *this Court* to decide). The PruittHealth Defendants therefore do not contest this Court's authority to rule on the arbitrability of Plaintiffs' claims. As to the second argument, the PruittHealth Defendants requested the dismissal of Melendres' and Eze's claims to allow the Court to adjudicate Lubiano's claims (the third Plaintiff). The PruittHealth Defendants do not contest the Plaintiffs' request for a stay should it grant the instant motion.

## I. Melendres and Eze Agreed to Arbitrate.

Plaintiffs argue that there was no meeting of the minds because they were not on notice of the terms of the Arbitration Agreements and because the Price declaration is not competent evidence to prove that Plaintiffs did agree to the terms. Doc. 117, pp. 7-10. This argument misses the mark for several reasons. First, Melendres and Eze were on notice of the Arbitration Agreements at the outset of their employment by virtue of their employment agreements. *See, e.g.*, Doc. No. 1-1 at pp. 17-18 (noting that Plaintiffs' employment was conditioned on their completion and signature of "[PruittHealth's] required new hire paperwork, including but not limited to, a *Mediation and Arbitration Agreement*[.]") (emphasis added). Second, by signing the Dispute Resolution Acknowledgment Form, Plaintiffs acknowledged that they had read the Arbitration Agreements, entered into the them voluntarily, and agreed to the terms with full knowledge of and understanding of its contents. Doc. 117 p. 2, Price Dec. ¶ 7. Third, the case that Plaintiffs provide to support their claim that the Price declaration is not competent evidence to prove that the Plaintiffs received the Arbitration Agreement, *Hill v. Emp. Res. Grp., LLC*, 816 F. App'x 804 (4th Cir. 2020), is inapposite. In *Hill*, which was decided under West Virginia, Kentucky, Ohio, and Virginia law, the employer could not provide the signed arbitration agreement and attempted to compel arbitration based on the sworn declaration of a company representative. *Id.* Unlike the defendant

in *Hill*, the PruittHealth Defendants are not asking the Court to assume that Melendres and Eze signed the Arbitration Agreements based on Price's declaration. Plaintiffs themselves admit they signed the agreements, Doc. 117, p. 8 (admitting there is no defect in the signature), and the PruittHealth Defendants provided Melendres' and Eze's signed forms with their initial moving papers that acknowledge that Melendres and Eze read and understood the Arbitration Agreements. There is thus no doubt Melendres and Eze agreed to arbitrate.

## II. The Arbitration Agreements are Not Illusory.

Next, Plaintiffs argue that the Arbitration Agreements are illusory because they allow for modification without "obligation of notice, consent, prospective-only application, or exemption for the arbitration provisions." Doc. 117, p. 10. None of this is true. Here, the Arbitration Agreements are subject to change "*only after* advanced notice, and any *changes made will not be retroactive or change the Policy as it relates to disputes in progress*." Doc. 114-4, p. 2 (emphasis added). Accordingly, this argument should be completely disregarded.

## III. The Arbitration Agreements Were Supported By Adequate Consideration.

In the Opposition, Plaintiffs claim that the Arbitration Agreements are not supported by adequate consideration because they were entered into a year after Melendres and Eze entered into employment agreements with PruittHealth-Town Center and PruittHealth-Bamberg, respectively, and were not supported by

independent consideration. Doc. 117, pp. 11-13. Again, this argument is unavailing for two reasons. First, as noted above, Melendres' and Eze's employment was conditioned on their agreement to the Arbitration Agreements. *See, e.g.*, Doc. No. 1-1 at pp. 17-18. As a result, the Arbitration Agreements do not require fresh consideration. *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997) (finding an acknowledgment form recognizing receipt of handbook constituted a valid arbitration agreement when the document signed by plaintiff specifically referenced their agreement to arbitration as a condition of employment and continued employment); *Towels v. United HealthCare Corp.*, 524 S.E.2d 839, 845 (S.C. Ct. App. 1999) (finding a valid arbitration agreement where the employee handbook communicated arbitration as a condition precedent to employment). Second, even if the Arbitration Agreements did require fresh consideration (which they do not), Plaintiffs received consideration in the form of a mutual agreement to arbitrate. *Martin v. Vance*, 514 S.E.2d 306, 310 (N.C. 1999); *Baque v. Hendrick Auto. Grp., LLC*, No. 2-24:cv-3041, 2024 WL 4584068, at *6 (D.S.C. Oct. 15, 2024).

## IV. The Arbitration Agreements Encompass the Present Dispute.

Plaintiffs next argue that by not listing TVPA and RICO within the examples of federal statutes that are covered by the Arbitration Agreements and including a catch-all for state statutes, the Arbitration Agreements do not cover their claims.

Doc. 117, pp. 13-15. To conclude otherwise, they argue, would render the state claim catch-all "surplusage." *Id.*, p. 14.

This strained interpretation of the Arbitration Agreement is similarly meritless. As an initial matter, Plaintiffs' completely read out the "without limitation" qualifier immediately preceding the list of exemplary federal claims. Said differently, Plaintiffs' argument would render the "without limitation" surplusage, something that the Plaintiffs themselves admit must be avoided. Furthermore, Plaintiffs' interpretation goes against the presumption that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983); *see also AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 650 (1986) (noting that "where [a] contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [an] order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute"); *Washington Square Securities, Inc. v. Aune*, 385 F.3d 432, 436 (4th Cir. 2004) ("In the absence of any express provision excluding a particular grievance from arbitration, ... only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail, particularly where, as here, ... the arbitration clause [is] quite broad.") (citations and quotations omitted).

Thus, even if there were a legitimate question as to whether Plaintiffs' claims are within the scope of the Arbitration Agreements (there is not), the question must be resolved in favor of arbitrability.

## V. The Arbitration Agreements are Not Unconscionable.

Next, the Plaintiffs claim that the Arbitration Agreements are unconscionable under North Carolina and South Carolina law. As the party seeking to avoid arbitration, Plaintiffs bear the burden of proving both substantive *and* procedural unconscionability. *Tillman v. Com. Credit Loans, Inc.*, 655 S.E.2d 362, 370 (N.C. 2008); *Simpson v. MSA of Myrtle Beach, Inc.*, 644 S.E.2d 663, 669 (S.C. 2007). Plaintiffs have not carried their burden here.

In an attempt to establish substantive unconscionability, Plaintiffs argue that the Arbitration Agreement: (1) shifts fees to the Plaintiffs even if Plaintiffs are the prevailing party(ies); (2) lacks mutuality; and (3) allows the PruittHealth Defendants to modify the terms of the Arbitration Agreement without notice. Doc. 117, p. 16.

The problem with this argument, of course, is **again**, none of this is true: (1) the Arbitration Agreement allows the prevailing party to collect fees if attorneys' fees are an available remedy, Doc. 114-1, p. 12 (noting that "[e]ach party will pay the fees for his, her, or its own attorneys, *subject to any remedies to which that party may later be entitled under the applicable law*") (emphasis added); (2) the Arbitration Agreement is a mutual agreement to arbitrate, *id.*, p. 11 (requiring "*all*

such disputes between Employee and the Company to be resolved only by an arbitrator");[2] and (3) the Arbitration Agreement allows for modification *only* after "advance notice," and notes that modification "will not be retroactive or change the Policy as it relates to a dispute in progress." *Id.*, p. 12.

Because the Plaintiffs have failed to prove substantive unconscionability, the Court need not address procedural unconscionability. *Tillman*, 655 S.E.2d (N.C. 2008) (noting that plaintiffs bear the burden of proving *both* procedural and substantive unconscionability to invalidate a contract); *Simpson*, 644 S.E.2d 663, 669 (same).

## VI. The Arbitration Agreement is Not a Prospective Waiver of Remedies.

Next, Plaintiffs argue that the Arbitration Agreement is unenforceable because it prevents Plaintiffs from being awarded attorneys' fees should they prevail

---

[2] To the extent that Plaintiffs' mutuality argument concerns the PruittHealth Defendants' lack of signature, it is equally unavailing. The lack of signature by any representative of the PruittHealth Entities does not undermine the Arbitration Agreement's enforceability. *Collie v. Wehr Dissolution Corp.*, 345 F. Supp. 2d 555, 558–59 (M.D.N.C. 2004) (citing *Howard v. Oakwood Homes Corp.,* 134 N.C. App. 116, 120 (1999) ("[B]y proffering the [contract regarding the Dispute Resolution Program], defendant has at least implicitly agreed to be mutually bound by the [agreement]")). This is especially true where, as here, the Agreement is governed by the FAA. *Howard*, 134 N.C. App. at 120 ("Moreover, the [agreement] provides that all arbitrations are to be conducted pursuant to the FAA. The FAA requires that agreements to arbitrate be in writing, however, *such agreements need not be signed.*") (emphasis added); *Real Color Displays, Inc. v. Universal Applied Technologies Corp.,* 950 F. Supp. 714 (E.D.N.C. 1997) ("[A]s there is no requirement that the written arbitration agreement necessarily be signed by the party to be charged. Indeed, neither the applicable statutory provisions nor cases involving this issue have imposed such a requirement.").

on their RICO and TVPA claims. Doc. 117, p. 16. As noted above in § V, *supra*, this argument is factually incorrect and thus should be dismissed out of hand.

## VII. The PruittHealth Defendants Did Not Waive Their Right to Enforce the Arbitration Agreements.

Having failed to dispute the enforceability of the Arbitration Agreements, Plaintiffs next argue that the PruittHealth Defendants waived their right to enforce the Arbitration Agreement by enforcing the Repayment Provisions in court (not arbitration) in other lawsuits, including the one involving Melendres. Doc. 117, p. 17. Plaintiffs are mistaken. The PruittHealth Defendants' conduct in actions with differing legal and factual issues has no bearing on their right to enforce the arbitration provision here.

Plaintiffs' argument ignores that the question of waiver is limited to analyzing whether actions taken *regarding the claims sought to be compelled to arbitration* are "consistent" or "inconsistent" with the claimed right to arbitrate. It does *not* extend to actions taken in separate lawsuits involving separate legal and factual issues, even if they could implicate the same arbitration provision. *See, e.g.*, *Subway Equip. Leasing Corp. v. Forte,* 169 F.3d 324, 328 (5th Cir. 1999) ("[A] party only invokes the judicial process to the extent it litigates a specific claim it subsequently seeks to arbitrate."); *Doctor's Assocs., Inc. v. Distajo,* 107 F.3d 126, 133 (2d Cir. 1997) ("Only prior litigation of the *same legal and factual issues* as those the party now

wants to arbitrate results in waiver of the right to arbitrate.") (emphasis added), *overruled on other grounds*, 544 U.S. 280 (2005). Indeed, the Fourth Circuit case Plaintiffs cite – *MicroStrategy, Inc. v. Laurica*, 268 F.3d 244 (4th Cir. 2001) – recognizes this distinction. *See id.* at 250 (concluding that an employer's failure to arbitrate trade secret claims against the plaintiff did not waive its ability to enforce an arbitration agreement as to the plaintiff's discrimination claims because those claims were "distinct, both factually and legally"). Here, the PruittHealth Defendants have consistently sought to compel the factual and legal issue at issue in this matter to arbitration, as evidenced by their prior Motion to Compel in the previous forum. Accordingly, there is no waiver.

## VIII. All PruittHealth Defendants Can Enforce the Arbitration Agreements.

In a last-ditch effort to avoid arbitration, Plaintiffs argue that Defendants PruittHealth, Inc., PruittHealth Consulting, PruittHealth Neuse, Pruitt Jr., Montenegro, and Price cannot compel Plaintiffs to arbitrate their claims against them because they are not parties to the Arbitration Agreement. Doc. 117, p. 18.

However, both North Carolina and South Carolina recognize that a non-signatory to an arbitration agreement may compel a signatory to arbitrate claims against the non-signatory under third-party beneficiary and agency principles. *Wilson v. Willis*, 426 S.C. 326, 338 (S.C., 2019); *Collie v. Wehr Dissolution Corp.*, 345 F. Supp. 2d 555, 561 (M.D.N.C. 2004). Here, the PruittHealth Entities can

enforce the Arbitration Agreement under third-party beneficiary principles because the Arbitration Agreement covers affiliates, Dkt. 114-1, p. 1, and the PruittHealth Entities are affiliated entities. *J.J. Ryan & Sons,* 863 F.2d 315 (4th Cir. 1988) (allowing non-party affiliated entity to enforce arbitration agreement); *Guess v. Computer Science Corp.*, No. 3:18-cv-0688, 2018 WL 7916070 (D.S.C. Oct. 24, 2018) (same). In the Opposition, Plaintiffs attempt to foreclose this argument by claiming that the PruittHealth Entities "disclaimed agency," but this argument is meritless. Doc. 117, p. 18. Plaintiffs' citation to "Exhibit B" (Doc. 1-1, pp. 26-43) refers to the "Recruitment/Placement Agreement" between PruittHealth Consulting and *ICP*. That agreement has no impact on the agency relationship between the PruittHealth Entities and does not support Plaintiffs' argument.

Similarly, the Individual Defendants can enforce the Arbitration Agreements under agency principles because they are agents of the PruittHealth Entities and their alleged actions were in their capacity as PruittHealth Entity employees. *See* Doc. 1, ¶¶ 24-26 (alleging that Pruitt Jr., Montenegro, and Price acted "[o]n behalf of Defendant PruittHealth, Inc."); *Collie*, 345 F. Supp. 2d 561; *Ayers v. Markiewicz*, 733 F. Supp. 3d 435 (E.D.N.C. 2024). Accordingly, all PruittHealth Entities can enforce the Arbitration Agreements.

## IX. Plaintiffs are Not Entitled to Discovery and Trial.

Finally, Plaintiffs argue that they are entitled to discovery and trial as to the enforceability of the Arbitration Agreements because they "deny that they agreed to arbitrate these claims and support that denial with sworn declarations." Dkt. 117, pp. 18-19. However, Plaintiffs are not entitled to discovery simply because they provide sworn declarations.

The Court of Appeals for the Fourth Circuit has explained that when the making of the arbitration agreement is in issue, "the district court must employ the summary judgment standard as a gatekeeper, so a trial occurs only if there are genuine issues of material fact." *Rowland v. Sandy Morris Fin. & Est. Plan. Servs., LLC,* 993 F.3d 253, 258 (4th Cir. 2021) (citations and internal quotation marks omitted); *see also Rose v. New Day Fin., LLC*, 816 F. Supp. 2d 245, 251 (D. Md. 2011) ("Motions to compel arbitration in which the parties dispute the validity of the arbitration agreement are treated as motions for summary judgment."). "Accordingly, arbitration should be compelled where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Erichsen v. RBC Cap. Mkts., LLC*, 883 F. Supp. 2d 562, 566-67 (E.D.N.C. 2012) (quoting Fed. R. Civ. P. 56).

Here, there is no genuine dispute of material fact that: the Plaintiffs signed the Arbitration Agreements; in doing so, the Plaintiffs acknowledged that they read and

understood the Agreements and entered into them knowingly; the Arbitration Agreements are enforceable; and the Arbitration Agreement encompasses Plaintiffs' claims. Plaintiffs' sworn declarations about what they allegedly understood do not change those facts, and nor will limited discovery. Plaintiffs' request for discovery and trial should be denied, and the Motion to Compel arbitration should be granted.

## CONCLUSION

For the reasons set forth above, the PruittHealth Defendants respectfully request that the Court grant their motion to compel arbitration.

Dated: October 5, 2026

Respectfully submitted,

By: /s/ *Christopher G. Browning, Jr.*
Christopher G. Browning, Jr.
R. Kyle Driggers
TROUTMAN PEPPER LOCKE LLP
305 Church at North Hills Street
Suite 1200
Raleigh, NC 27609
Telephone: (919) 835-4100
christopher.browning@troutman.com
kyle.driggers@troutman.com

Charles E. Peeler (*special appearance*)
J. Evan Gibbs (*special appearance*)
Callan G. Stein (*special appearance*)
Brian R. Ellixson (*special appearance*)
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Charles.Peeler@troutman.com
Evan.Gibbs@troutman.com
Callan.Stein@troutman.com
Brian.Ellixson@troutman.com

*Counsel for Defendants PruittHealth, Inc., PruittHealth Consulting Services, Inc., PruittHealth-Bamberg, LLC, PruittHealth-Neuse, LLC, PruittHealth-Town Center, LLC, Neil Pruitt, Jr., Justin Price, and Amy Montenegro*

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the foregoing brief contains fewer than 3,125 words, exclusive of the elements to be omitted from the word count. Specifically, the foregoing contains 2760 words, as reported by the undersigned's word processing software.

This the 5th day of October 2026.

By: */s/ Christopher G. Browning, Jr.*
Christopher G. Browning, Jr.

**CERTIFICATE OF SERVICE**

I certify that on October 5, 2026, a copy of the foregoing document was filed electronically via the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

By: *<u>/s/ Christopher G. Browning, Jr.</u>*
Christopher G. Browning, Jr.